Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7698 | **DATE** | 12/6/2010 |
| **CASE TITLE** | Tyron Bowens (#R-59619) v. The State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff Stephanie Bowens is dismissed as a Plaintiff to this cause of action. Plaintiff Tyron Bowens' i.f.p. application [#3] is denied without prejudice, and he is directed to submit a renewed i.f.p. petition that is certified by a trust fund officer; he must also attach copies of his prison trust fund ledgers showing his income for the six months preceding the filing of this action, that is, from 6/6/2010 through 12/6/2010. Failure to comply within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Clerk is directed to provide Plaintiff Tyron Bowens with a blank i.f.p. petition along with a copy of this order and to forward a copy of this order to the trust fund officer at Menard Correctional Center. Plaintiff is reminded that he must provide the Court with the original plus a judge's copy of every document filed.

■ [For further details see text below.]     Docketing to mail notices.

# STATEMENT

      Plaintiffs Tyron and Stephanie Bowens (mother and son) have filed this cause of action pursuant 735 ILCS 5/14-105, seeking mandamus relief against various state employees. While Stephanie Bowens has been included as a Plaintiff by the Clerk, she is not incarcerated, and the body of the petition makes clear that the real party seeking mandamus relief is Tyron Bowens. Additionally, she is not an attorney, so cannot sign pleadings for Tyron Bowens, according to Fed. R. Civ. P. 11(a). Consequently, Stephanie Bowens is dismissed as a party to this case.

      Additionally, Plaintiff Tyron Bowens may wish to voluntarily dismiss this action. This action has been brought pursuant to Illinois statute, and it appears that it may have been mistakenly filed in federal court as the federal district court has jurisdiction in mandamus actions only "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to Plaintiff." *See* 28 U.S.C. § 1361. To the extent that Plaintiff Tyron Bowens wishes to proceed with this action, he has failed either to pay the $350.00 filing fee or file a properly completed application to proceed *in forma pauperis.*

      An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. The Court has confirmed that the certification attached to Plaintiff's i.f.p. application was not prepared and executed by an authorized officer at Menard Correctional Center. Plaintiff is reminded that the certification must be properly completed and executed by an authorized officer of his correctional institution, not by another inmate.

      To enable the Court to make the necessary assessment of an initial partial filing fee, the prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the
**(CONTINUED)**

      AWL

| STATEMENT |
|---|

appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In the case at bar, Plaintiff's i.f.p. petition is not properly certified by an authorized jail official, and Plaintiff has failed to include copies of his prison trust fund ledgers from the past six months.

In short, if Plaintiff wants to proceed with this lawsuit, he must submit a properly certified i.f.p. petition by an authorized jail official, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is, from June 6, 2010, through December 6, 2010]. The Clerk will provide Plaintiff with a blank i.f.p. application. The Clerk shall also forward a copy of this order to the trust fund officer at the Cook County Jail to facilitate compliance. Failure to comply [or, in the alternative, to submit the statutory filing fee of $350.00] will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980). If Plaintiff submits another improperly certified i.f.p. application, this case will be summarily dismissed pursuant to *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).